988 F.2d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Patton REIHLEY, Plaintiff-Appellant,
v.
Joseph MCGILL, Dr., et al., Defendants-Appellees.
 No. 92-16490.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 4, 1993.
 
 Appeal from the United States District Court for the District of Arizona; No. CV-91-00631-WDB, William D. Browning, District Judge, Presiding.
 D.Ariz.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Patton Reihley, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of defendants, a doctor and other jail officials, in his 42 U.S.C. § 1983 action. He contends that the district court erred by: (1) finding that the doctor and jail officials were not deliberately indifferent to his medical needs; (2) finding that jail officials did not subject him to unconstitutional conditions of confinement; and (3) denying his request for the appointment of counsel. We review de novo the district court's summary judgment. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 "Summary judgment is appropriate if the moving party presents evidence that shows that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Once the moving party has met this initial burden, the nonmoving party has the subsequent burden of presenting significant probative evidence tending to support its claim that material, triable issues of fact remain." Id. (citations omitted); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).
 
 Medical Treatment
 
 4
 Reihley contends that he received inadequate medical care during his pretrial detention at the Pima County Adult Detention Center. His primary claim is that defendant McGill, the facility's doctor, discontinued the use of Feldene, an anti-inflammatory agent prescribed for arthritis by Reihley's private physician, and instead prescribed Naprosyn, another anti-inflammatory agent for arthritis.
 
 
 5
 Specifically, Reihley claims that the doctor made little or no effort to treat his problems and failed to take proper actions to prevent further injury. He claims that McGill's actions aggravated his existing condition and caused him further injury. Reihley also claims that Doctor McGill failed to follow established medical procedures and the guidelines and directions of the drug manufacturers in the administration of his medication, causing permanent injury.
 
 
 6
 "Prisoners can establish an eighth amendment violation with respect to medical care if they can prove there has been deliberate indifference to their serious medical needs." Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)).[1]
 
 
 7
 Deliberate indifference may be found where prison officials "deny, delay or intentionally interfere with [an inmate's] medical treatment, or may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988). In addition, the Supreme Court has recently held that a prisoner must allege facts sufficient to indicate a culpable state of mind on the part of prison officials in order to demonstrate deliberate indifference. Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991).
 
 
 8
 Mere negligence related to medical problems is not enough to make out a violation of the eighth amendment. Hutchinson, 838 F.2d at 394 (citing Estelle, 429 U.S. at 104). Moreover, a difference of opinion does not amount to deliberate indifference to a prisoner's medical needs. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).
 
 
 9
 Here, the record indicates that Reihley consulted with, was examined or treated by Doctor McGill regarding his various physical complaints on numerous occasions. Furthermore, the record indicates that each time Reihley requested medication or an examination, Doctor McGill or the medical staff responded. The record also indicates that on several occasions Reihley refused the prescribed medications.
 
 
 10
 While we liberally construe pro se pleadings, McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir.1992), Reihley offers no supporting evidence to show that he received inadequate medical treatment or that he was denied medical treatment. Although his pleadings may be sufficient to withstand a motion to dismiss, he may not rest on the allegations in his pleadings to defeat a motion for summary judgment. See Celotex v. Catrett, 477 U.S. 317, 324 (1986).
 
 
 11
 Here, the evidence presented shows that Reihley disagreed with the type of medical care and medication provided by Doctor McGill. Nevertheless, a mere difference of opinion as to treatment does not give rise to a section 1983 claim for deliberate indifference. See Sanchez, 891 F.2d at 242. Therefore, the district court properly granted summary judgment in favor of defendant McGill. Id.
 
 
 12
 Reihley also contends that the other defendants violated his constitutional rights by failing to investigate his complaints about McGill and by failing to redress the doctor's actions and inactions.
 
 
 13
 To state a claim against a state official under section 1983, the complainant must allege direct personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). A supervisor is only liable for the constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and with deliberate indifference, failed to act to prevent them. Wilson, 111 S.Ct. at 2326-27; Taylor, 880 F.2d at 1045. If there is no affirmative link between a defendant's conduct and the alleged injury, there is no deprivation of the plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370 (1976).
 
 
 14
 Here, Reihley does not claim that any of the jail officials directly participated in the allegedly inadequate treatment he received. Moreover, Reihley has failed to establish any affirmative link between the defendants' conduct and Reihley's alleged injury. Reihley's conclusory allegations will not withstand a motion for summary judgment. See Taylor, 880 F.2d at 1045. Therefore the district court properly granted summary judgment in favor of the remaining defendants on this claim. See Rizzo, 423 U.S. at 370.
 
 Conditions of Confinement
 
 15
 Reihley next contends that summary judgment was improper because jail officials subjected him to unconstitutional conditions of confinement in violation of the prohibition against cruel and unusual punishment. This contention lacks merit.
 
 
 16
 The Supreme Court has held that "[t]he Constitution ... 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson, 111 S.Ct. at 2324. Prisoners objecting to conditions of their confinement are required to satisfy both an objective and subjective component to the challenge. Id.
 
 
 17
 Therefore, in order to withstand a motion for summary judgment, Reihley must not only allege that he was subjected to unconstitutional conditions, he must also allege facts sufficient to indicate a culpable state of mind on the part of jail officials. See id. Reihley has failed to do so.
 
 
 18
 Reihley claims that jail staff "punished" inmates by turning off the hot water and heat, resulting in "cold or no showers ..., and infestations of crab lice that were transmitted with the changes of clothing ... since the clothes were washed in cold water." He also claims that jail staff "punish[ed] inmates by opening smoke vents and allowing snow to come into cells." In addition, Reihley claims that due to overcrowding he was forced to sleep on the floor of a cell.
 
 
 19
 While he alleges he has filed numerous grievances regarding his conditions of confinement, he has not produced the necessary documents to support his claim.[2] Furthermore, he appears to concede in his opening brief that the hot water and heat were off because "the pilot light went out." In response to his complaint that he was forced to sleep on the floor, Doctor McGill ordered that Reihley be given two mattresses and extra blankets. These facts do not indicate a culpable state of mind on the part of defendants. See id. Accordingly, the district court did not err by granting summary judgment in favor of defendants on this claim. See id.
 
 Appointment of Counsel
 
 20
 Finally, Reihley contends that the district court erroneously refused to appoint counsel to assist him in the preparation of his response to defendants' summary judgment motion.
 
 
 21
 There is no constitutional right to appointment of counsel in civil cases. Johnson v. Dep't of Treasury, 939 F.2d 820, 824 (9th Cir.1991) (citing Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 269 (9th Cir.1982)). Appointment of counsel in civil cases is required only when exceptional circumstances are present. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991). In determining whether exceptional circumstances exist, this court reviews the pleadings to determine the complexity of the issues, the plaintiff's ability to articulate his claims, and the likelihood of success on the merits. Id.; see also Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990).
 
 
 22
 The issues presented here are not unduly complex. Reihley has adequately conveyed what he sees as the issues to this court. However, he has not shown a likelihood of success on the merits. See Wood, 900 F.2d at 1335. Therefore, no exceptional circumstances warranting appointment of counsel exist. See Terrell, 935 F.2d at 1017. The district court did not err by denying Reihley's motion for appointment of counsel.
 
 
 23
 Accordingly, we affirm the district court's grant of summary judgment and denial of Reihley's motion for appointment of counsel.[3]
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Reihley was a pretrial detainee and not a convicted prisoner at the time he alleges he received inadequate medical treatment, his section 1983 action arises under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment prohibition against cruel and unusual punishment. See Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986)
 This court has held that a pretrial detainee's due process rights are at least as great as the Eighth Amendment protections against cruel and unusual punishment. See Maddox v. Los Angeles, 792 F.2d 1408, 1414 (9th Cir.1986).
 
 
 [2]
 We note that his claim that he had to sleep on the floor was substantiated in the record. However, his other claims regarding conditions of confinement were not substantiated
 
 
 [3]
 Reihley also appears to contend that the district court erroneously refused to allow him access to his Department of Corrections medical files for a time period after his detention at the Pima County Jail
 The district court denied his motion to compel these documents on the ground that Reihley failed to demonstrate that they were relevant to his action against Pima County and its agents. Because Reihley has not demonstrated how such records would be relevant to the present action, the district court did not err by denying his motion to compel discovery of these documents. See Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir.1988) (burden on nonmoving party to show what material facts would be discovered to preclude summary judgment).