Jay JOHNSON, Plaintiff–Appellant,

v.

**U.S. DEPARTMENT OF the TREASURY, et al., Defendant–Appellee.**

No. 89–55834.

United States Court of Appeals, Ninth Circuit.

Submitted April 1, 1991.[*]

Decided July 29, 1991.

---

[*] The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Jay Johnson, in pro per.

Constance M. Komoroski, Asst. U.S. Atty., Los Angeles, Cal., for defendant-appellee.

Before BOOCHEVER, KOZINSKI and O'SCANNLAIN, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

Jay Johnson appeals the district court's dismissal of his title VII employment discrimination action against the United States Department of the Treasury for lack of prosecution.

I

At the time relevant to this appeal, Johnson was employed as a Labor Relations Specialist in the Los Angeles office of the United States Customs Service, an agency within the Treasury Department. On May 18, 1981, the Service announced an opening for a Supervisory Labor Relations Specialist, offered at the "full performance" (GS–13) level, rather than at the GS–12/13 levels. Had the position been announced at the GS–12/13 level, Johnson would have been eligible for the job; however, at the GS–13 level, Johnson did not qualify.

Unable even to apply for the position, Johnson filed an equal employment opportunity complaint with the Treasury Department, alleging that the Customs Service, mindful that Johnson was black, announced the position at the GS–13 level to prevent Johnson from applying for the position. Following an evidentiary hearing, a Complaints Examiner with the Equal Employment Opportunity Commission ("EEOC") recommended a finding of "no discrimination." The agency adopted this finding, and Johnson appealed to EEOC's Office of Review and Appeals. There, the agency's determination was affirmed on April 24, 1987.

Johnson purportedly received the EEOC's final decision on May 12, 1987, and shortly thereafter sent a letter to the Clerk of the United States District Court for the District of Columbia requesting appointment of counsel. At this time, Johnson resided in West Germany, where he continued to work for the United States government. District of Columbia District Judge Thomas A. Flannery ordered the letter filed, and instructed Johnson to file a com-

plaint with filing fee no later than July 6, 1987. Johnson complied, and the case was assigned to Judge Joyce Hens Green.[1] Thereafter, Johnson wrote several letters to the clerk of the court and to Judge Green, requesting assistance in effecting service of process and appointment of counsel.

Service was not easily effected. In response to Johnson's letter, Judge Green filed an order permitting the United States Marshals Service to effect service upon receipt of a $9.00 service fee. Judge Green ordered Johnson to serve the complaint by September 29, 1987, or otherwise to explain why service had not been effected. In addition, Judge Green referred Johnson's request for counsel to the Lawyer Referral and Information Service of the District of Columbia Bar.

On October 6, 1987, attorney Kenneth A. Lehman wrote to Judge Green, indicating that he was considering taking Johnson's case. Lehman requested an extension of the service deadline until November 15, 1987, which Judge Green granted. On November 10, 1987, Lehman again wrote to Judge Green, indicating that he was "not in a position to handle this case due to the economics associated with such a case." However, Lehman observed: "I believe that [Mr. Johnson] has made a prima facie case and that the suit would be worth pursuing.... Since there seems to be a wrong here and a new attorney would be reasonably certain that at least out of pocket costs should be covered by Mr. Johnson, there is a good possibility that Mr. Johnson could retain counsel." Shortly thereafter, Judge Green gave Johnson until December 21, 1987, to effect service through the Marshals Service; this deadline was later extended to February 1, 1988. Johnson sent the $9.00 service fee prior to this deadline,[2] and service was eventually effected on the defendants by the Marshals Service on February 17, 22, and 23, 1988.

After several requests for extensions of time, on May 11, 1988, the Secretary moved to transfer the case to the United States District Court for the Central District of California. After the Secretary sought and received another extension in which to respond to Johnson's opposition to the motion, on June 10, 1988, Judge Green ordered the case transferred. There, it was assigned to District Judge Mariana R. Pfaelzer. Additional extensions of time in which to file an answer were sought; finally, the Secretary answered Johnson's complaint on November 7, 1988. Eighteen months after Johnson first wrote to the clerk of the District of Columbia district court, and sixteen months after his original complaint was filed, this case was off and crawling.

A status conference was set for March 27, 1989. On March 13, 1989, the parties filed their Joint Status Report. The Secretary indicated that it expected to file a motion for summary judgment within the next three months. The only discovery sought by the Secretary was Johnson's deposition, a "difficult" prospect since Johnson continued to reside in Germany. Johnson indicated that he intended to seek court-appointed counsel, and would defer all discovery and law and motion matters to such counsel.

Only the Secretary's counsel, assistant United States attorney Donna Eide, appeared at the March 27 status conference. The conference was short, with the following colloquy occurring between the district court and Eide:

THE COURT: Ms. Eide, the way to deal with this case, I'm absolutely convinced, in light of its procedural history, which is that it is a 1987 case handed off from another jurisdiction here—the pro per plaintiff is now in Germany, and if you press him he is going to say, "I am going to write the judge a letter and ask to have counsel

---

1. In his initial complaint, Johnson named the Department of the Treasury as the defendant. Johnson later amended his complaint to name the Secretary of the Treasury as an additional defendant. In the interests of convenience, we shall refer to the defendants collectively as "the Secretary."

2. It appears that an earlier $9.00 check had been lost in the mail.

appointed," and the judge is going to say there is no money for that.

So the way to handle the whole problem is to set the pro per plaintiff's deposition here in this courthouse, within a certain set period of time, send the order to him, and have him come to Los Angeles; and on the same day you take the deposition, we'll have a settlement conference.

\* \* \* \* \* \*

MS. EIDE: If you would, Your Honor. Actually, I plan on filing a motion for summary judgment within the next 30 days. And I think it will be successful.

Do you think your plan should go before my motion?

THE COURT: Yes.

MS. EIDE: All right.

THE COURT: I think you ought to bring the plaintiff here by an order that says that he must appear here personally in the courthouse. And you can set it in my jury room if you want to.

\* \* \* \* \* \*

MS. EIDE: So the order, your order, is for a settlement conference.

THE COURT: My order is for him to appear for the deposition in the morning and to appear at a settlement conference, in person, in the afternoon.

MS. EIDE: Okay.

THE COURT: And you do the order and you send it down here. I'll sign it; then you'll send it to him in Germany.

MS. EIDE: All right.

THE COURT: Thank you.

MS. EIDE: Thank you.

Accordingly, Johnson was ordered to appear on April 27, 1989, for his deposition and the settlement conference. This order was signed by the district court on March 28, 1989, and mailed to Johnson in Germany on April 4, 1989.

Johnson did not appear at the April 27 deposition or conference. He did send a letter to the court, dated April 27, 1989, stating that he could not afford such a trip. Thereafter, the government moved to dismiss the complaint for failure to prosecute. Johnson opposed the motion and applied again for court-appointed counsel.[3] (Johnson apparently did not serve these documents on the Secretary.) The district court granted the Secretary's motion on June 27, 1989.[4]

This appeal followed. On March 16, 1990, Johnson moved this court for production of transcripts at government expense. A motions panel granted this request in an order dated May 17, 1990. In addition, the motions panel instructed the court clerk to send Johnson a copy of the Federal Rules of Appellate Procedure and Ninth Circuit Rules. The panel waived the court's excerpt of record requirement for Johnson, and ordered the parties to address the relevance of *Miles v. Department of Army,* 881 F.2d 777 (9th Cir.1989), to this case.

## II

In this case we must address the intersection of two seemingly competing doctrines. On the other hand, it is clear that a district court may dismiss an action for a failure to comply with a court order. *See generally Malone v. United States Postal Serv.,* 833 F.2d 128, 130 (9th Cir.1987), *cert.*

---

**3.** The record suggests that this was not Johnson's first attempt to seek court-appointed counsel in the Central District of California. In his April 27 letter, Johnson wrote: "Plaintiff has been unable to satisfy the district court's procedural requirements to obtain a court appointed counsel. The required lined paper nor court's procedural requirement are not available in Germany." In his application for appointment of counsel, Johnson stated: "Plaintiff has copied defendant's lined paper on German paper because American legal paper cannot be found in Germany." As an exhibit to his Notice of Appeal, Johnson has attached a "Second Motion to

Have Court Appoint Counsel," which bears the Central District's "Received and Returned" stamp.

**4.** In its order, the district court states that Johnson did not "file any explanation with the Court regarding his failure to appear" at the March 27 status conference. Indeed, it appears that Johnson did attempt to file a "Motion to Delay Status Conference March 27, 1989," but the motion was returned unfiled by the clerk's office for an apparent failure to comply with the Central District's local rules.

*denied,* 488 U.S. 819, 109 S.Ct. 59, 102 L.Ed.2d 37 (1988). On the other hand, we have held that a district court may not dismiss a complaint prior to ruling upon a pro se plaintiff's motion for appointment of counsel. *See Miles,* 881 F.2d at 784; *McElyea v. Babbitt,* 833 F.2d 196, 199 (9th Cir.1987). Here, the district court dismissed Johnson's complaint following his failure to comply with the court's order to appear for a deposition and settlement conference, but before ruling upon Johnson's request for appointment of counsel. Accordingly, we must decide which of these competing doctrines controls.

### A

■■■ As a threshold matter, the Secretary contends that Judge Pfaelzer implicitly considered, and rejected, Johnson's request for appointment of counsel, from which it follows that we need not consider the second doctrine. Three factors are relevant to the trial court's determination of whether to appoint counsel: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim. *Ivey v. Board of Regents of the University of Alaska,* 673 F.2d 266, 269 (9th Cir.1982). We have not required a district court to articulate the reasons for denial of such a motion if the reasons are clear from the record. *See id.* ("although the trial judge never articulated the reasons behind his denial of plaintiff's motion to appoint counsel, he must have based his decision upon a determination that plaintiff's case lacked sufficient merit to warrant the appointment by the court of counsel"). Here, however, the record is devoid of an actual denial, let alone any reasoning. Moreover, reasons that might support such a denial are absent from the record. Johnson stated that he had lost his job with the government and was, and is now, indigent. The record is silent as to any attempts by Johnson to secure counsel. Likewise, the record before the district court was virtually devoid of any evidence regarding the merits. Aside from Johnson's own complaint, the only meaningful statement about the merits was made by attorney

Lehman, who noted that "[Johnson] has made a prima facie case" and "there seems to be a wrong here." Accordingly, since the record lacks both an express ruling and any information pertinent to such a determination, we reject the contention that the district court had, in fact, ruled upon Johnson's request.

### B

We turn next to Johnson's contention that the district court violated *Miles* by dismissing his complaint prior to ruling on his requests for appointment of counsel.

■■ It is undisputed that the district court had the authority to appoint counsel for Johnson. Title VII of the Civil Rights Act of 1964 provides in pertinent part that:

Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security.

42 U.S.C. § 2000e–5(f)(1)(B). However, while unquestionably possessing the authority to appoint counsel, a district court is certainly not obligated to appoint counsel in every employment discrimination case. *See Ivey,* 673 F.2d at 269. Rather, the determination is left to the sound discretion of the district court. *Id.*

Such discretion, however, is not unbounded. In *United States v. McQuade,* 579 F.2d 1180 (9th Cir.1978), we held that a district court abused its discretion when it refused to appoint counsel on the ground that it lacked authority to appoint counsel. *Id.* at 1181; *accord McKeever v. Israel,* 689 F.2d 1315, 1320 (7th Cir.1982) (trial court's failure to exercise its discretion under 28 U.S.C. § 1915(d)—the *in forma pauperis* statute—because the court did not recognize its authority to appoint counsel held to be an abuse of discretion). As a corollary to this rule, we have held that a district court abuses its discretion if it fails to rule upon a motion for appointment of counsel before granting a motion of the defendant disposing of the case. *See Miles,* 881 F.2d

at 784 (request for counsel under title VII); *McElyea*, 833 F.2d at 199 (request for counsel pursuant to 28 U.S.C. § 1915(d)); *accord Brown–Bey v. United States*, 720 F.2d 467, 471 (7th Cir.1983). In such a case, the district court should determine if counsel would aid its resolution before disposing of the case on its merits. *See McElyea*, 833 F.2d at 199 n. 3; *see also McKeever*, 689 F.2d at 1320–21 (listing factors, such as the need for skilled and competent representation, that should be considered in deciding whether to appoint counsel).

The present case differs from *Miles, McElyea*, and *Brown–Bey* in one very important respect; in each of these three cases, the district court dismissed the plaintiff's complaint on a substantive legal basis. *See Miles*, 881 F.2d at 779 (dismissing title VII complaint for lack of subject matter jurisdiction); *McElyea*, 833 F.2d at 197 (granting summary judgment for defendants for plaintiff's failure to state a claim upon which relief may be granted); *Brown–Bey*, 720 F.2d at 471 (dismissing complaint for failure to state a claim upon which relief may be granted). A dismissal for failure to prosecute, while treated as an adjudication on the "merits" for purposes of preclusion, *see* Fed.R.Civ.P. 41(b), Notes of Advisory Committee on Rules, 1963 Amendment, is essentially a sanction for improper conduct by the plaintiff. *See Malone*, 833 F.2d at 130 ("we will overturn a dismissal sanction only if we have a definite and firm conviction that it was clearly outside the acceptable range of sanctions"). The rationale underlying *Miles, McElyea*, and *Brown–Bey* is thus lacking in the failure to prosecute context unless that failure is attributable to the lack of counsel's guidance and advice. While counsel may be able to conduct an investigation, conduct direct and cross-examination, and argue difficult legal issues, *see McKeever*, 689 F.2d at 1320–21, counsel cannot undo the plaintiff's improprieties.

■ Johnson's filing of a motion for appointment of counsel does not, of itself, shield him from the sanction of dismissal for failing to comply with a court order unless the failure is reasonably attributable to the lack of counsel. We need not decide whether Johnson's failure was attributable to the lack of counsel, however, in light of the following discussion in which we conclude that the court abused its discretion by dismissing Johnson's case.

C

■ Initially, we must determine whether the district court's sanction of dismissal was warranted, independent of Johnson's request for appointment of counsel. A district court may dismiss an action if the plaintiff fails to prosecute his or her case, fails to comply with the applicable rules of procedure, or fails to abide by a court order. Fed.R.Civ.P. 41(b); *see also Malone*, 833 F.2d at 130. Dismissal for failure to prosecute is reviewed for an abuse of discretion. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986). Dismissal, however, is a harsh penalty and should be imposed only in extreme circumstances. *Id.*

■ Because dismissal is the harshest available penalty, we have long recognized that district judges have an "obligation to warn the plaintiff that dismissal is imminent." *Hamilton v. Neptune Orient Lines, Ltd.*, 811 F.2d 498, 500 (9th Cir. 1987). The district court here failed to notify Johnson that failure to comply with its order requiring him to appear for a deposition and settlement conference would result in the dismissal of his lawsuit.

■ The facts of this dispute are highly unusual, but they do not evince such "egregious circumstances" as to warrant dismissal of Johnson's lawsuit without a proper warning. This is not a case where "no explicit warning [is] necessary [because the] harsh sanction of dismissal should not have surprised plaintiff...." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1413 (9th Cir.1990) (paraphrasing *Malone*, 833 F.2d at 133), *cert. denied sub nom. Lewis & Co. v. Thoeren*, —— U.S. ——, 111 S.Ct. 1019, 112 L.Ed.2d 1100 (1991). To the contrary, the district court did not employ or threaten to employ any lesser alternative

sanctions against Johnson before resorting to the dismissal sanction.

### III

The district court's dismissal of Johnson's complaint for lack of prosecution was premature. At the least, the district court should have notified Johnson that it intended to dismiss his complaint if he failed to appear on April 27.

In addition, the district court should rule upon Johnson's request for appointment of counsel as expeditiously as possible. In turn, Johnson must proceed with his lawsuit with or without the assistance of counsel, depending upon the court's ruling on his motion.

REVERSED and REMANDED.