988 F.2d 117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary W. BERNARD, Plaintiff-Appellant,
v.
James RICKETTS, et al., Defendants-Appellees.
 No. 91-16701.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1992.*
Decided Feb. 26, 1993.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-87-00930-CAM; C.A. Muecke, District Judge, Presiding.
 D.Ariz.
 REVERSED AND REMANDED.
 Before FERGUSON, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bernard appeals the district court's dismissal, for failure to participate in a deposition, of his 42 U.S.C. § 1983 suit against prison officials. We have jurisdiction, 28 U.S.C. § 1291, and we reverse.
 
 
 3
 A district court's decision to dismiss a case for discovery violations is reviewed for abuse of discretion. Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988). Dismissal is a harsh penalty and is to be imposed only in extreme circumstances. Id. As in Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir.1992), two decisive factors make this dismissal an abuse of discretion: the failure to consider less drastic alternatives and the lack of warning of imminent dismissal.
 
 
 4
 Though the district court stated that "less drastic sanctions ... would not have any impact on Mr. Bernard," it only considered monetary sanctions as an alternative to dismissal. As Malone noted, there are many alternative sanctions: a warning, a formal reprimand, and placing the case at the bottom of the calendar, among other things. 833 F.2d at 132 n. 1. These should have been considered. In addition, the district court could have assessed monetary sanctions against Bernard despite his apparent poverty. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).
 
 
 5
 The district court's failure to adequately consider alternative sanctions is particularly problematic since there was only one act of misconduct. A single violation of a discovery order does not ordinarily justify dismissal. Cf. In re Rubin, 769 F.2d 611, 617-18 (9th Cir.1985) (dismissal inappropriate for relatively minor discovery violations that did not "interfere with the rightful decision of the case."); Fjeltstad v. American Honda Motor Co., 762 F.2d 1334, 1343 (9th Cir.1985) (default judgment for single willful violation of order found unjust).
 
 
 6
 These problems are compounded by the district court's failure to warn Bernard that dismissal was imminent. "The district judge has an obligation to warn the plaintiff that dismissal is imminent." Oliva, 958 F.2d at 274 ( citing Johnson v. United States Dept. of the Treasury, 939 F.2d 820, 825 (9th Cir.1991)). Nothing in the record indicates that Bernard was warned. "Failure to warn has frequently been a contributing factor in our decisions to reverse orders of dismissal." Oliva, 958 F.2d at 274 (quoting Malone, 833 F.2d at 133).
 
 
 7
 For these reasons, the district court's dismissal of Bernard's suit was an abuse of discretion.[1]
 
 
 8
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Both parties have moved to strike portions of the other's briefs. These motions are denied