990 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry GOODEN, Plaintiff-Appellant,
v.
Samuel A. LEWIS, Director, Arizona Department of
Corrections; Deputy Warden Adams, Arizona State Prison
Complex, Gila; Ellen Crooke, OK Community Administrator;
Levi Childress, OK Community Outreach Program; Richard
Thorne, OK Community Unit Coordinator, Douglas Robert
Miller, OK Community Assistant Unit Coordinator; Don
Greenwald, Deputy Warden, Mohave Unit, Douglas, Arizona,
Defendants-Appellees.
 No. 89-16276.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 15, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry Gooden, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of defendant prison officials in his 42 U.S.C. § 1983 action. Gooden contends that the district court erred by finding that the prison officials did not deprive him of his constitutional rights by transferring him from a minimum security unit to a medium security unit without notice and a hearing. He claims the transfer resulted in the loss of his counseling job with the O.K. Community, Inc., a private contractor employed by the state to provide counseling services to the Gila Unit.[1] He further claims that the transfer was ordered because of his race and the nature of his crime, and in retaliation for his complaints of racial discrimination. Gooden also contends that the district court erred by denying his request for appointment of counsel.
 
 
 3
 We review de novo the district court's grant of summary judgment. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.), cert. denied, 112 S.Ct. 1603 (1992). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 4
 "Summary judgment is appropriate if the moving party presents evidence that shows that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Once the moving party has met this initial burden, the nonmoving party has the subsequent burden of presenting significant probative evidence tending to support its claim that material, triable issues of fact remain." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). If the moving party demonstrates the absence of a genuine issue of material fact, the opposing party may not rely on mere allegations in the pleadings. Thomas-Lazear v. FBI, 851 F.2d 1202, 1204 (9th Cir.1988) (citing Celotex v. Catrett, 477 U.S. 317, 322-23 (1986)).
 
 DUE PROCESS
 
 5
 Gooden contends that the district court erred by finding that the prison officials did not deprive him of his due process rights by transferring him without notice and a hearing from Gila unit, a minimum security unit, to Mohave unit, a medium security unit.
 
 
 6
 "The fourteenth amendment prohibits the deprivation of liberty or property without due process of law. A due process claim is cognizable only if there is a recognized liberty or property interest at stake." Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985) (citing Board of Regents of California v. Roth, 408 U.S. 564 (1972)). "An inmate's liberty interests are sufficiently extinguished by his conviction so that the state may change his place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another." Id. (citing Meachum v. Fano, 427 U.S. 215, 224-25 (1976)).
 
 
 7
 Furthermore, the due process clause, in and of itself, does not protect a lawfully convicted prisoner against transfer from one institution to another within the state prison system. Id. "Confinement in any of the state's institutions is within the normal limits or range of custody which the conviction has authorized the state to impose." Meachum, 427 U.S. at 225. Hence, there is no liberty interest in a prisoner's assignment to a particular institution, and the fourteenth amendment does not require prior notice or a hearing when a prisoner is transferred. Id. at 216.
 
 
 8
 Gooden alleges no liberty or property interest sufficient to trigger due process protection. See Rizzo, 778 F.2d at 530. If he claims a liberty or property interest in remaining at Gila unit or being transferred to another minimum security unit, rather than to Mohave unit, his claim fails. The district court did not err by granting summary judgment in favor of defendant prison officials on this claim. See Meachum, 427 U.S. at 224-25.
 
 RETALIATION
 
 9
 Gooden also contends that the district court erred by granting summary judgment in favor of the defendants on his claim that his transfer and subsequent loss of his job were in retaliation for his complaints of racial discrimination. In essence he claims that his transfer was in retaliation for the exercise of his first amendment rights.
 
 
 10
 To state a section 1983 claim based on retaliation for exercising a constitutionally protected right, the plaintiff must allege that (1) the type of activity he was engaged in was in fact constitutionally protected and (2) the state officials impermissibly infringed upon this protected right. See Rizzo, 778 F.2d at 531. Prisoners' rights may be restricted by prison authorities in order to maintain discipline and institutional security and for the rehabilitation of prisoners. Id. at 532 (citing Procunier v. Martinez, 416 U.S. 396, 412 (1974)).
 
 
 11
 Here, Gooden asserts that prison officials' actions in transferring him were racially motivated and in retaliation for his complaints of racial discrimination. The defendants respond by stating that Gooden was transferred to Mohave unit because Gila unit was changed to a minimum security unit and sex offenders were no longer eligible to be housed there.
 
 
 12
 While we liberally construe pro se pleadings, McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir.1992), Gooden offers no supporting evidence to show that he was transferred in retaliation for his racial complaints. Although his pleadings may be sufficient to withstand a motion to dismiss, he may not rest on the allegations in his pleadings to defeat a motion for summary judgment. See Celotex, 477 U.S. at 324. Thus, the district court did not err by granting summary judgment in favor of the defendants on this claim. Celotex, 477 U.S. at 324.
 
 APPOINTMENT OF COUNSEL
 
 13
 Gooden contends that the district court erred by denying his request for appointment of counsel. There is no constitutional right to appointment of counsel in civil cases. Johnson v. Dep't of Treasury, 939 F.2d 820, 824 (9th Cir.1991). Appointment of counsel in civil cases is required only when exceptional circumstances are present. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991) (citing Wilborn v. Escalderon, 789 1328, 1331 (9th Cir.1986)).
 
 
 14
 Gooden has failed to show any exceptional circumstances which warrant the appointment of counsel.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gooden's amended complaint appears to allege a conspiracy between the O.K. Community, Inc. employees and the prison officials to deprive him of his constitutional rights on the basis of race and in retaliation for his complaints of racial discrimination. The district court dismissed all of the prison officials via summary judgment. Gooden's complaint against the O.K. Community, Inc. went to trial. A jury verdict was returned in favor of the defendants