8 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bryant M. LEWIS, Plaintiff-Appellant,
v.
Constance Berry NEWMAN, Director, Office of Personnel
Management, Defendant-Appellee.
 No. 92-15964.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Sept. 7, 1993.
 
 Before: PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bryant M. Lewis appeals pro se the district courts order granting summary judgment in favor of Constance Berry Newman, Director of the Office of Personnel Management in his combined handicap and employment discrimination action under the Federal Rehabilitation Act of 1973, 29 U.S.C. § 794 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.[1] Lewis contends the district court erred by (1) finding that he was collaterally estopped from bringing his claim of handicap discrimination and (2) finding that he had failed to establish a prima facie case of discrimination based on handicap or his race, religion, national origin, color or retaliation for prior Equal Employment Opportunity activity. We have jurisdiction under 28 U.S.C. § 1291 and we affirm for the reasons stated in the district court order.[2]
 
 
 3
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Newman's motion to supplement the record on appeal with the addition of a transcript of the February 26, 1992 hearing on defendant's motion for summary judgment is denied as moot. The transcript is already part of the record on appeal
 
 
 [2]
 Because we conclude that Lewis's claims are without merit, we hold that the district court did not abuse its discretion by denying Lewis's motion to appoint counsel. See Johnson v. Department of Treasury, 939 F.2d 820, 824 (9th Cir.1991); Ivey v. Board of Regents of University of Alaska, 673 F.2d 266, 269 (1982) (three factors are relevant in determining whether to appoint counsel: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his own; and (3) the meritoriousness of plaintiff's claim")