5 F.3d 537
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Judith S. HOWARD, Plaintiff-Appellant,
v.
MILITARY DEPARTMENT, STATE OF CALIFORNIA, Air National Guard
of California, Defendant-Appellee.
 No. 90-55632.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 31, 1993.
Decided Sept. 13, 1993.
 
 Appeal from the United States District Court for the Central District of California, CV-88-0956-KN; David V. Kenyon, District Judge, Presiding.
 C.D.Cal.
 REVERSED AND REMANDED.
 Before: TANG, CANBY, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Judith Howard brought this employment discrimination action pursuant to 42 U.S.C. Sec. 2000e, et seq., against the Military Department of the State of California and the California Air National Guard, alleging that she was subjected to sexual harassment and religious discrimination on the job. She appeals from the district court's order denying her request for appointment of counsel and from its dismissal of her action for failure to prosecute.
 
 DISCUSSION
 
 3
 The district court correctly concluded that appointment of counsel in this case would be appropriate, after evaluating Howard's financial resources, her efforts made to secure counsel, and the meritoriousness of her complaint. See Johnson v. United States Dep't of Treasury, 939 F.2d 820, 824 (9th Cir.1991); Bradshaw v. Zoological Society, 662 F.2d 1301, 1318 (9th Cir.1981) ("Bradshaw II").
 
 
 4
 The district court nonetheless denied Howard's request for appointment of counsel because there are no funds from which to pay an appointed attorney and because "there are no mechanisms in place which would allow the Court to appoint an attorney to represent plaintiff on a pro bono basis." The denial of the request for appointment of counsel is reviewed for an abuse of discretion. Bradshaw II, 662 F.2d at 1318.
 
 
 5
 There is no indication from the record before us that the district court made a sufficient effort to locate counsel willing to represent Howard. In Bradshaw v. United States District Court, 742 F.2d 515, 517 (9th Cir.1984) ("Bradshaw III"), we made clear that a district court would abuse its discretion by failing to make a "diligent effort" to locate counsel under Sec. 2000e-5(f). In that case, we held that the district court did not abuse its discretion by refusing to make a "coercive appointment" of counsel, in part because the district court had made an exhaustive search for willing counsel, and special circumstances excused the district court's failure to appoint an attorney. We stated: "Were the lack of compensation the only reason for the bar's recalcitrance, we would be far less inclined to accept the district court's failure to make a coercive appointment." Id. at 517. In most cases a "diligent search by the district court will turn up willing counsel." Id. at 518.
 
 
 6
 The district court abused its discretion by failing to conduct a diligent search for counsel, and we remand for the appointment of counsel. We note appellant has appeared before us by counsel whose presence has been most helpful.
 
 
 7
 Because we reverse on this basis, we need not address the remaining claim on appeal.
 
 
 8
 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3