24 F.3d 249
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Lyla L. THOMAS, Plaintiff-Appellant,
v.
GARRETT FLUID SYSTEMS, INC. and Allied Signal, Inc.,
Defendant-Appellee.
 No. 93-16590.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 16, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lyla L. Thomas appeals pro se the district court's orders denying her requests for appointment of counsel in her action alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq., the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 et seq., and other federal laws. We review for abuse of discretion, Terrell v. Brewer, 935 F.2d 1015 (9th Cir.1991), and we affirm.
 
 
 3
 In considering whether pursuant to 28 U.S.C. Sec. 1915(d) to appoint counsel for a pro se plaintiff in a civil action, the district court is required to assess: (1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit. Bradshaw v. Zoological Soc. of San Diego, 662 F.2d 1301 (9th Cir.1981). The district court is not required to articulate reasons for denying appointment of counsel if the reasons are clear from the record. Johnson v. United States Dept. of Treasury, 939 F.2d 820, 824 (9th Cir.1991).
 
 
 4
 Here, the record contains sufficient evidence to support the denial. Regarding the merits of Thomas' claim, the record includes the EEOC's determination of no probable cause and its letter of reconsideration affirming that determination. The finding of no probable cause stated:
 
 
 5
 Examination of the evidence indicates that [Thomas, age 48] was laid off during a reduction in force. Two males, one being age 32, were also laid off during the same reduction in force. There was no evidence to show [Thomas'] lay-off was retaliation. Based on this analysis, I have determined that the evidence obtained during the investigation does not establish a violation of the statutes.
 
 
 6
 The record contains Thomas's written affidavits and oral statement regarding her finances, indicating an income of $801 per month. The record also contains Thomas' written affidavit and oral statement regarding her inability to find an attorney to take her case on a pro bono basis. We cannot say that it was an abuse of discretion for the district court, after considering this evidence, to deny Thomas appointed counsel.
 
 
 7
 Appellee's request for attorneys' fees incurred in this appeal is denied.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3