42 F.3d 1401
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Karluk MAYWEATHERS, Plaintiff-Appellant,
v.
William BUNNELL, Superintendent of Tehachapi State Prison,
et al., Defendants-Appellees.
 No. 93-17002.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 4, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Karluk Mayweathers, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 civil rights action against William Bunnell, Correctional Officer Jones and Correctional Officer Skerik[1] because Mayweathers failed to file a status report. Mayweathers also challenges the district court's change of venue under 28 U.S.C. Sec. 1404(a). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm in part, reverse in part, and remand.[2]
 
 
 3
 * Dismissal
 
 
 4
 Mayweathers contends that the district court erred by dismissing his action for failure to file a status report. This contention has merit.
 
 
 5
 We review for abuse of discretion the district court's dismissal for failure to comply with a court order. See Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988). Because the district court has the inherent power to manage its docket, it may dismiss a case when a party fails to comply with its orders. See Thompson v. Housing Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986), cert. denied, 479 U.S. 829 (1986). Dismissal, however, is a harsh penalty that should be imposed only in extreme circumstances. See id. ; Malone, 833 F.2d at 130. Because dismissal "is the harshest available penalty," the district court has an "obligation to warn the plaintiff that dismissal is imminent." Johnson v. United States Dep't of Treasury, 939 F.2d 820, 825 (9th Cir.1991); see also Malone, 833 F.2d at 132-133 (stating that failure to warn the plaintiff has frequently been a contributing factor in decisions to reverse orders of dismissal).
 
 
 6
 The following considerations are relevant in determining whether the district court considered alternatives to dismissal: (1) whether the court explicitly discussed whether less drastic sanctions were feasible and explained why alternative sanctions would be inadequate; (2) whether the court implemented alternative sanctions before ordering dismissal; and (3) whether the court warned the plaintiff of the possibility of dismissal. See Malone, 833 F.2d at 132. Here, there is nothing in the record which indicates that the district court considered alternative sanctions or warned Mayweathers of the consequences of noncompliance with its order. The record does indicate, however, that Mayweathers was confused as to his obligations under that order. Although no motion for summary judgment was pending, Mayweathers filed an opposition apparently in response to the district court's notice given as required by Klingele v. Eikenberry, 849 F.2d 409 (9th Cir.1988). Under these circumstances, we conclude that dismissal was improper and we reverse and remand for further proceedings. See Johnson, 939 F.2d at 825.
 
 II
 Change of Venue
 
 7
 Mayweathers also contends that the district court erred by transferring Mayweathers' action to the Eastern District of California pursuant to 28 U.S.C. Sec. 1404(a). We disagree.
 
 
 8
 We review for abuse of discretion a district court's decision to transfer an action pursuant to 28 U.S.C. Sec. 1404(a). See Lou v. Belzberg, 834 F.2d 730, 734 (9th Cir.1987), cert. denied, 485 U.S. 993 (1988). 28 U.S.C. Sec. 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In determining whether the transfer of an action would be for the convenience of the parties and witnesses and in the interest of justice, the court is vested with wide discretion. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir.1979). "Weighing of factors for and against a transfer involves subtle considerations and is best left to the discretion of the trial judge." Id.
 
 
 9
 Here, the district court for the Northern District of California noted in its transfer order that venue in the Northern District was technically proper as to all of the defendants. The court concluded, however, that venue in the Eastern District of California was more convenient as to Bunnell, Skerik and Jones. The court's decision was supported by the fact that Mayweathers' claims against these three defendants involved incidents which allegedly occurred at correctional facilities in the Eastern District and had nothing to do with the alleged incidents in the Northern District. Moreover, Bunnell, Skerik and Jones reside in the Eastern District. Accordingly, we cannot say that the district court abused its discretion by transferring Mayweathers' claims against Bunnell, Skerik and Jones to the Eastern District. See 28 U.S.C. Sec. 1404(a).
 
 III
 Conclusion
 
 10
 Accordingly, we affirm the district court's change of venue and dismissal of Skerik. We reverse the district court's dismissal of Bunnell and Jones, and remand for further proceedings.
 
 
 11
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court dismissed Mayweathers' claims against Skerik earlier because Mayweathers failed to complete the required form to effect service on Skerik. Mayweathers does not raise this issue on appeal, and we decline to consider it. See Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988)
 
 
 [2]
 To the extent that Mayweathers argues that the district court erred by denying his motion for appointment of counsel, we reject this argument. See United STates v. McQuade, 647 F.2d 938, 940 (9th Cir.1981) (per curiam), cert.denied, 455 U.S. 958 (1982)