Bobby K. COOPER, Plaintiff–Appellant,

v.

MARYLIND FOUNDATION, a California Corporation, and Ron A. Rice, Defendants–Appellees.

No. 00–56519.

D.C. No. CV 98–4761 RJK.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Dec. 28, 2001.

---

* The panel finds this case appropriate for submission without oral argument pursuant to

Before SCHROEDER, Chief Judge, TROTT, and PAEZ, Circuit Judges.

### MEMORANDUM **

Bobby K. Cooper appeals the district court's dismissal of his case with prejudice for failure to prosecute. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The district court's *sua sponte* dismissal of a case for failure to prosecute is reviewed for abuse of discretion, *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir.1992), and will be overturned "only if we have a definite and firm conviction that it was clearly outside the acceptable range of sanctions." *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir.1987). While we have advised courts to consider five factors prior to involuntarily dismiss-

ing the case, *see Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir.1986), the two decisive factors in cases involving *sua sponte* dismissals are the failure to warn and the consideration of less drastic alternatives, *see Oliva*, 958 F.2d at 274.

Here, on April 3, 2000, the district court expressly and unambiguously warned Cooper of imminent dismissal if, thereafter, he failed to comply with any court orders. That same day, the court ordered Cooper to be ready to begin the trial on May 2, 2000. Despite the warning, Cooper was not ready to try the case that day. Therefore, the district court met its obligation to warn Cooper of potential dismissal. *See Johnson v. United States Dept. of Treasury*, 939 F.2d 820, 825 (9th Cir.1991).

Additionally, it is obvious that the court considered the efficacy of lesser sanctions. *See Estrada v. Speno & Cohen*, 244 F.3d 1050, 1056–57 (9th Cir.2001) ("[W]e have held that a judge's warning to a party that a future failure to obey a court order will result in a default judgment can itself suffice to meet the 'consideration of alternatives' requirement.") (quoting *Malone*, 833 F.2d at 132). Moreover, an "explicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal." *Malone*, 833 F.2d at 132. Here, prior to its April 3, 2000, warning to Cooper that his failure to comply with court orders would result in dismissal, the district court had issued several orders to show cause (OSC) why the matter should not be dismissed based upon previous failures to follow the rules and had even dismissed the case only to subsequently reinstate it. Clearly, any additional OSC or other alternative sanction would have been futile. *See Estrada*, 244 F.3d at 1055.

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as 9th Cir. R. 36–3 may provide.

Finally, the public's interest in expeditious resolution of litigation and the court's need to manage its docket militate in favor of dismissal. *See Malone,* 833 F.2d at 131. Similarly, we have no doubt that Cooper's failure to be ready for trial prejudiced the defendants. *See id.* He gave no satisfactory reason for his failure to be prepared. *See id.* On balance, dismissal did not amount to an abuse of discretion.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Debden–Moss's requests for oral argument and appointment of standby counsel for oral argument are denied as moot.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.