**NOT FOR PUBLICATION**

FILED

APR 12 2017

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   EC-16-1187-BJuTa |
| YOLANDA CHRISTINE SWARTOUT,   ) | Bk. No.   2:14-bk-22173 |
| Debtor.   ) | |
| _____ ) | |
| YOLANDA CHRISTINE SWARTOUT,   ) | |
| Appellant,   ) | |
| v.   ) | **M E M O R A N D U M**[1] |
| JAN P. JOHNSON, Chapter 13   ) | |
| Trustee,   ) | |
| Appellee.   ) | |
| _____ ) | |

Argued and Submitted on March 23, 2017,
at Sacramento, California

Filed - April 12, 2017

Appeal from the United States Bankruptcy Court
for the Eastern District of California

Hon. Christopher D. Jaime, Bankruptcy Judge, Presiding

Appearances:    Eamonn Foster of Northstate Bankruptcy Counseling
argued for appellant Yolanda Christine Swartout;
Kristen A. Koo, Staff Attorney, argued for appellee
Jan P. Johnson, Chapter 13 Trustee.

Before:  BRAND, JURY and TAYLOR, Bankruptcy Judges.

---

[1]  This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have, it has no precedential value. See 9th Cir. BAP Rule 8024-1.

Chapter 13[2] debtor Yolanda Christine Swartout ("Debtor") appeals an order dismissing her bankruptcy case under Civil Rule 41(b) for her counsel's alleged failure to comply with a court order and an order denying reconsideration of the dismissal order. We VACATE and REMAND.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Debtor filed her chapter 13 bankruptcy case and original plan on March 3, 2014. The plan provided for a monthly payment of $150.00 for a 60-month term. Jan P. Johnson is the chapter 13 trustee ("Trustee").

In October 2014, Debtor filed and moved to confirm her first amended plan, which increased the monthly payment to $180.00. Just prior to filing the amended plan, on October 8, 2014, Debtor made the $180.00 October plan payment. Despite this payment, Trustee initially objected to the amended plan, asserting that Debtor was delinquent for the October plan payment; under the local rules monthly payments are due on the 25th of the month. Trustee later withdrew his objection, and the first amended plan ("Plan") was confirmed.

The language which caused the eventual and ongoing dispute between Debtor and Trustee is found in Section 6.1 of the Plan: "To date, Debtor has paid $1,110.00 into the plan. Debtor will continue to pay into the plan $180.00 for the remainder of the plan."

In February 2016, Trustee filed a Notice of Default and

---

[2] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

Application to Dismiss ("Dismissal Motion"), stating that as of February 25, 2016, Debtor was delinquent in the amount of $360.00. Debtor opposed the Dismissal Motion, noting that it was based on two alleged delinquencies of $180.00 each, the second of which Debtor acknowledged and had now cured. She, however, disputed the other alleged delinquency, arguing that it was based on confusion over Section 6.1 of the Plan and that Trustee had raised the alleged delinquency prior to confirmation but later withdrew the objection. Debtor explained that Section 6.1, which stated that she had paid $1,110.00 into the Plan, included the $180.00 October payment made on October 8, 2014, just seven days prior to her filing of the Plan. Trustee, on the other hand, interpreted Section 6.1 to mean that although Debtor had paid $1,110.00 into the Plan, all amounts due as of October 25, 2014, prior to October 25, 2014, she would make yet another $180.00 October payment. Debtor contended that is not what she intended nor what the Plan required, and that Trustee's interpretation of the Plan language led to an absurd result, an extra plan payment at the end of the term. In closing, Debtor asked the court to find that she was not in default.

The bankruptcy court held an initial hearing on the Dismissal Motion on April 12, 2016. Trustee's counsel noted that the default had been cured, so no real controversy existed. However, she suggested that Debtor's counsel still contact Trustee's office regarding the disputed Plan language because the delinquency issue would be ongoing unless resolved. Debtor's counsel, Mr. Foster, explained that his client was receiving delinquency notices every month from Trustee's office based on confusion over the language

-3-

in Section 6.1 of the Plan. Because Debtor had not made the additional $180.00 payment in October 2014, as Trustee maintained should have occurred, he continued to assert that Debtor was regularly one month behind. Trustee's counsel agreed that the parties disputed the timing as to when payments were due based on Section 6.1 of the Plan, contending that Mr. Foster had not drafted it as clearly as it should have been drafted and that she had told him previously a motion to modify would be necessary to correct the issue. The following colloquy then ensued between the court and Mr. Foster:

> THE COURT: Well, look here, I'm not modifying a plan without a motion to modify the plan, and I'm not going to force the trustee to change the terms of a plan without a proper motion. If you –
>
> MR. FOSTER: I'm not asking for a modification.
>
> THE COURT: Well –
>
> MR. FOSTER: I'm just asking for the Court to interpret the plan because the plan doesn't require –
>
> THE COURT: And once –
>
> MR. FOSTER: -- a payment on –
>
> THE COURT: -- I interpret it –
>
> MR. FOSTER: -- this one.
>
> THE COURT: -- once I interpret it, that's a modification of what the plan's written, because I'm picking one version over the other. Look, if you want to file a motion to modify, I'll shorten the time, and I'll hear it, and perhaps, if you can discuss it with the Trustee, there would be no action –
>
> MR. FOSTER: See, I don't want it to be modified. I think it's fine.
>
> THE COURT: Well, I think apparently the language needs to be cleared up.
>
> MR. FOSTER: All right. All right. That's fine.

-4-

        THE COURT:  I will hear it on shortened time if you want
to file the motion.  But, in fact, if you want to file
one, we'll set a hearing date right now.

        MR. FOSTER:  Yeah, I can -- I can get something -- I'm
actually going to be out of the office for the next
week, but I can get something filed by the -- let me
pull up my calendar.  I can get something on the file by
the 22nd of April. . . .

Hr'g Tr. (Apr. 12, 2016) 7:5-8:9.

        Just after the hearing the court issued Civil Minutes
stating:  "MATTER CONTINUED TO 5/10/16 AT 1:00 P.M.  MODIFIED PLAN
SHALL BE FILED BY 4/22/16 AND ANY RESPONSE BY TRUSTEE SHALL BE
FILED BY 5/03/16."  No civil minute order was entered.

        On April 20, 2016, Debtor filed a Motion to Compel Trustee to
Acknowledge Debtor's October 2014 Payment.  Debtor asked the court
to compel Trustee to acknowledge the October 8, 2014 payment as
the only payment required for October 2014 and to order Trustee to
cease and desist his attempts to force Debtor to make an extra
payment not provided for under the Plan.  Trustee did not file a
response.[3]

        Before the continued hearing on May 10, 2016, the bankruptcy
court issued a tentative ruling.  It noted that at the April 12
hearing the court had instructed Debtor to resolve the delinquency
issue by filing a modified plan by April 22, 2016, and that
Mr. Foster had confirmed on the record that a modified plan would

_____

        [3]  We disagree with the bankruptcy court that interpreting
the language in Section 6.1 of the Plan would constitute a
modification of the Plan or confirmation order.  See In re Doty,
129 B.R. 571, 588 (Bankr. N.D. Ind. 1991) (bankruptcy court has
jurisdiction to enter an order interpreting terms and conditions
of an order confirming a plan if the plan is ambiguous, and such
an order does not constitute a modification of the confirmation
order or plan).  Thus, the bankruptcy court may resolve this issue
by consideration of a motion by Debtor to interpret and enforce
the confirmation order.

-5-

be filed. Instead, Debtor filed a motion to compel Trustee to recognize that she is current on her Plan payments and that this was precisely what the court had ordered Debtor to resolve through a modified plan, and that Mr. Foster had stated that he would resolve the dispute through a modified plan. By filing the motion to compel instead of a modified plan, the court found that Debtor had willfully disregarded the court's order of April 12, 2016. On that basis, the tentative ruling concluded that the court would deny the motion to compel and grant the Dismissal Motion.

At the May 10 hearing, the bankruptcy court reemphasized that at the April 12 hearing Mr. Foster had agreed to file a modified plan to resolve the delinquency issue. Admitting he had not reviewed the Civil Minutes from April 12, Mr. Foster stated that was not his understanding of what transpired. He thought the Dismissal Motion had been denied because Trustee's counsel conceded that no controversy existed as Debtor was now current. He noted his understanding that requesting affirmative relief in response to the Dismissal Motion was procedurally improper; he needed to file his own motion seeking relief to resolve the delinquency issue. However, Mr. Foster alleged, he did not think he had to file a modified plan to accomplish this. Mr. Foster contended instead, that filing a modified plan was unnecessary; the issue was Trustee's misinterpretation of the Plan. The court was not persuaded and announced it was dismissing Debtor's case for the reasons stated in the tentative ruling.

The bankruptcy court entered a Civil Minute Order dismissing Debtor's chapter 13 case ("Dismissal Order") and an order denying Debtor's motion to compel.

-6-

Debtor filed a timely motion for reconsideration under Civil Rule 59, incorporated by Rule 9023, followed by an amended motion. Debtor contended the bankruptcy court lacked subject matter jurisdiction to continue the hearing on the Dismissal Motion or to issue any order respecting the Dismissal Motion because Trustee had withdrawn it as moot. Debtor further contended that ordering her to file something she did not agree needed to be filed was a clear mistake of law and provided an unjust result. In any event, Debtor contended that at the April 12 hearing the court had made the option of filing a modified plan voluntary, not compulsory, and Mr. Foster had not affirmatively agreed to file a motion to modify the Plan; he promised to "file something" within the required time. The court also had not conditioned continuation of Debtor's case on her filing a modified plan.

Without a hearing, the bankruptcy court denied Debtor's motion for reconsideration of the Dismissal Order. This timely appeal followed.

## II. JURISDICTION

As we explain below, the bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(L). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

1. Did the bankruptcy court lack subject matter jurisdiction to enter the Dismissal Order?

2. Did the bankruptcy court abuse its discretion in dismissing Debtor's bankruptcy case?

3. Did the bankruptcy court abuse its discretion in denying Debtor's motion to reconsider the Dismissal Order?

-7-

## IV. STANDARDS OF REVIEW

Whether a court has subject matter jurisdiction is a question of law we review de novo. McCowan v. Fraley (In re McCowan), 296 B.R. 1, 2 (9th Cir. BAP 2003).

The bankruptcy court may sua sponte dismiss a case under Civil Rule 41(b). See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal of a case under Civil Rule 41(b) is reviewed for an abuse of discretion. Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996). The bankruptcy court's denial of a reconsideration motion is also reviewed for an abuse of discretion. Cruz v. Stein Strauss Tr. # 1361, PDQ Invs., LLC (In re Cruz), 516 B.R. 594, 601 (9th Cir. BAP 2014). A bankruptcy court abuses its discretion if it applies the wrong legal standard or its findings are illogical, implausible or without support in the record. TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

## V. DISCUSSION

**A. The bankruptcy court had subject matter jurisdiction to enter the Dismissal Order.**

Debtor contends the bankruptcy court lacked subject matter jurisdiction to either continue or to enter any order related to Trustee's Dismissal Motion because the court's jurisdiction is limited to "cases and controversies." Debtor misses the point. Although the Dismissal Order appears to have granted Trustee's motion, the bankruptcy court stated in its tentative ruling, incorporated into the Dismissal Order and in the Civil Minutes and Order denying reconsideration, that it dismissed Debtor's chapter 13 case sua sponte under Civil Rule 41(b) for Mr. Foster's

-8-

failure to comply with the court's order of April 12 to file a modified plan. Thus, the question is whether the court had jurisdiction to dismiss the case under Civil Rule 41(b).

"Bankruptcy courts have subject matter jurisdiction over proceedings 'arising under title 11, or arising in or related to cases under title 11.'" Wilshire Courtyard v. Cal. Franchise Tax Bd. (In re Wilshire Courtyard), 729 F.3d 1279, 1285 (9th Cir. 2013) (quoting 28 U.S.C. § 1334(b)). After a bankruptcy plan has been confirmed, a bankruptcy court has "related to" jurisdiction over proceedings that have "a close nexus to the bankruptcy plan or proceeding[.]" Pegasus Gold Corp. v. Goldin (In re Pegasus Gold Corp.), 394 F.3d 1189, 1194 (9th Cir. 2005). A close nexus exists where a "matter[ ] affect[s] the interpretation, implementation, consummation, execution, or administration of the confirmed plan." In re Wilshire Courtyard, 729 F.3d at 1287 (internal quotation marks omitted).

Even though Trustee's counsel stated at the April 12 hearing that no controversy existed between the parties because Debtor was technically current as of that date, Mr. Foster agreed that the delinquency issue and the parties' disagreement over the interpretation of Section 6.1 of the Plan remained and would continue to exist until the court resolved it. Thus, interpretation of the Plan was clearly a live issue, thereby giving the bankruptcy court, at minimum, "related to" jurisdiction to continue the hearing and to enter an order dismissing the chapter 13 case if grounds existed to do so. In addition, the bankruptcy court reserved jurisdiction over Debtor's chapter 13 case by stating in the confirmation order (drafted by Mr. Foster):

-9-

"The debtor shall appear in court whenever notified to do so by the court." Hence, the bankruptcy court had subject matter jurisdiction to enter the Dismissal Order.

**B.    The bankruptcy court abused its discretion when it dismissed Debtor's bankruptcy case without proper notice.**

Civil Rule 41(b) provides, in relevant part, that "[i]f the plaintiff fails . . . to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." As noted above, the bankruptcy court may sua sponte dismiss a case under Civil Rule 41(b) for failure to comply with a rule or order of the court. Jaffer v. Sharma (In re Sharma), 2007 WL 7540967, at *5 (9th Cir. BAP Apr. 2, 2007) (citing Pierce Cty. v. Schneider (In re C.S. Crawford & Co.), 423 F.2d 1322, 1325 (9th Cir. 1970)). Case law is clear that dismissal is an extraordinary remedy that should not be invoked where the effect would be to punish an innocent litigant for the transgressions of her lawyer. In re C.S. Crawford & Co., 423 F.2d at 1325 (citing string of cases).

Before dismissing Debtor's case, the bankruptcy court considered the factors necessary for dismissal under Civil Rule 41(b) and determined that all five weighed in favor of dismissal, including the availability of lesser sanctions. See Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (listing the factors the court must consider before dismissing a case under Civil Rule 41(b) for failure to comply with a court order). Debtor contends the bankruptcy court erred in dismissing her case for Mr. Foster's failure to comply with a court order, when the Civil Minutes entered on April 12 did not constitute an "order of the court." Debtor also contends the bankruptcy court

erred by not providing any warning that failure to comply with the April 12 Civil Minutes would result in dismissal.

Even assuming the April 12 Civil Minutes or the court's directive at the April 12 hearing constituted a clear "order," which one could reasonably dispute, and that Mr. Foster failed to comply with it, the bankruptcy court did not provide any warning whatsoever that failure to file a modified plan would result in dismissal of Debtor's chapter 13 case. Under Ninth Circuit law, "involuntary dismissal sua sponte requires that there has been notice giving a warning that dismissal is imminent." In re Sharma, 2007 WL 7540967, at *5 (citing Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992) (in cases of sua sponte dismissal under Civil Rule 41(b) the court has an obligation to warn plaintiff that dismissal is imminent)). See also Johnson v. U.S. Dept. of the Treasury, 939 F.2d 820, 825 (9th Cir. 1991) (trial court must warn plaintiff if dismissal is imminent because dismissal is "the harshest available penalty"); Hamilton v. Neptune Orient Lines, Ltd., 811 F.2d 498, 500 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1232 (9th Cir. 1984).

Nothing the bankruptcy court stated at the April 12 hearing or in the April 12 Civil Minutes would have put Debtor on notice that her case would be dismissed if a modified plan was not filed. In addition, dismissal was particularly harsh in this case since Debtor appears to have had no role in Mr. Foster's conduct and she was otherwise performing under the confirmed Plan. Accordingly, the bankruptcy court abused its discretion in dismissing Debtor's chapter 13 case without a proper warning. Because of our decision here, we need not address Debtor's appeal of the order denying

-11-

reconsideration of the Dismissal Order.

## VI. CONCLUSION

For these reasons, we VACATE the Dismissal Order and REMAND to the bankruptcy court with instruction that Debtor's chapter 13 case be reinstated.