**Jay JOHNSON, Plaintiff–Appellant,**

v.

**UNITED STATES TREASURY DEPART-
MENT; William Von Robb, Commis-
sioner; United States Customs, Defen-
dants–Appellees.**

**No. 93–55092.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 1994 *.

Decided June 20, 1994.

---

(7th Cir.1988) (same), *cert. denied,* 490 U.S. 1005, 109 S.Ct. 1639, 104 L.Ed.2d 155 (1989).

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34–4.

Jay Johnson, pro se.

Constance M. Komoroski, Asst. U.S. Atty., Los Angeles, CA, for defendant-appellee.

Before: FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.

PER CURIAM:

Jay Johnson has brought a race discrimination complaint against the United States Department of the Treasury and related defendants (collectively, "Treasury Department") pursuant to 42 U.S.C. § 2000e–16. *See Johnson v. United States Dep't of the Treasury*, 939 F.2d 820, 821 (9th Cir.1991). The district court entered summary judgment in favor of the Treasury Department, and Johnson appealed. We affirm.

## I

Johnson, a black male, asserts that the Treasury Department discriminated against him by failing to promote him to the position of Director of Labor Management at Customs in Los Angeles. The Treasury Department posted a vacancy in this position on May 18, 1981. On July 12, 1981, the Treasury Department promoted a white male to the position. On May 18, 1982, Johnson complained to an Equal Employment Opportunity ("EEO") counselor that the Treasury Department's decision to hire the white male, rather than him, was based on his race.

The district court entered judgment against Johnson because his complaint to the EEO counselor was untimely. We agree. Federal regulations require that a federal employee raise a discrimination claim with an EEO counselor within thirty days of an adverse employment action. 29 C.F.R. § 1613.214(a)(1)(i). This "thirty-day time limit is treated as a statute of limitations for filing suit and is subject to waiver, equitable tolling, and estoppel." *Miles v. Department of the Army*, 881 F.2d 777, 780 (9th Cir.1989). Failure to bring a grievance within the thirty-day statute can be fatal to a federal employee's discrimination claim. *Id.*

The district court's thorough findings of uncontroverted facts make clear that Johnson first sought counseling one year after the Treasury Department posted the job vacancy and approximately eleven months after it filled the position, well outside the thirty-day limitations period. Johnson neither alleged nor adduced evidence of waiver, equitable tolling or estoppel in his response to the Treasury Department's motion for summary judgment. Summary judgment thus was appropriate.

## II

Johnson also appeals the district court's April 7, 1992 decision not to appoint counsel for him. The decision to appoint counsel is left to the sound discretion of the district court. *Johnson*, 939 F.2d at 824. "Three factors are relevant to [a] trial court's

determination of whether to appoint counsel: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Id.* The district court denied Johnson's requests for appointment of counsel because (1) Johnson's claim had little merit, (2) Johnson had failed to support his claim that he was indigent, (3) Johnson had informed the court that he had a law degree, and (4) Johnson had made only two attempts to employ counsel. The district court considered the appropriate factors. Johnson has failed to demonstrate any error in the district court's findings. There was no abuse of discretion.

In addition, Johnson repeated his request for appointment of counsel in his October 27, 1992 response to the Treasury Department's motion for summary judgment, claiming that he was disabled. Johnson's renewed request for counsel is properly characterized as a motion to reconsider the district court's earlier April 7, 1992 order denying appointment of counsel. *See, e.g., Ramirez v. Fox Television Station, Inc.,* 998 F.2d 743, 750 (9th Cir.1993).

 The district court implicitly denied Johnson's motion to reconsider by granting summary judgment. *Cf. Shah v. United States,* 878 F.2d 1156, 1162 (9th Cir.), *cert. denied,* 493 U.S. 869, 110 S.Ct. 195, 107 L.Ed.2d 149 (1989) (motion to strike affidavit implicitly denied when district court denied motion to reconsider); *Norman v. Apache,* 19 F.3d 1017, 1021 (5th Cir.1994) (motion for leave to amend implicitly denied by district court when it entered judgment inconsistent with relief sought). This motion was not made until Johnson's response to the Treasury Department's motion for summary judgment. *See Ramirez,* 998 F.2d at 750. Johnson introduced no explanation of how changed conditions affected the reasoning of the district court's April 7 order. The district court's decision not to reconsider its order was not an abuse of discretion. *Cf. School Dist. No. 1J, Multnomah County,*

*Oregon v. ACandS, Inc.,* 5 F.3d 1255, 1262 (9th Cir.1993) (no abuse of discretion).

AFFIRMED.