70 F.3d 122
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dale Thomas WAUGH, Plaintiff-Appellant,
v.
Art CURTIS, Prosecutor, Clark County Courthouse; Mike
Dodds, Deputy Prosecutor, Clark County Courthouse,
Defendants-Appellees.
 No. 95-35228.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 3, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state prisoner Dale Thomas Waugh appeals pro se the district court's summary judgment on remand from this court in favor of defendants in Waugh's 42 U.S.C. Sec. 1983 action, alleging defendants improperly obtained his extradition from Oregon. We review de novo the district court's grant of summary judgment. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Waugh contends that defendant Dodds with defendant Curtis's knowledge, bypassed the usual constitutional and statutory extradition procedures and, without permission, used a rubber stamp of Washington Governor Booth Gardner's signature to secure Waugh's extradition.
 
 
 4
 In support of defendants' summary judgment motion, Dodds submitted an affidavit which stated that, as prosecutors, he and Curtis had no involvement with actually procuring the Governor's signature on the extradition documents; they only prepared the request documents and send them to the Governor's Office for further proceeding. Defendants also filed copies of the original extradition request documents and a "sender activity summary" from Federal Express showing that the documents had been shipped to Bonnie J. Ross, Staff Assistant of Extraditions in the Governor's Office. Additionally, defendants submitted Ross's affidavit which stated that Governor Gardner signed the extradition documents and the documents were then forwarded to the Governor of the State of Oregon.
 
 
 5
 In response to defendants' motion for summary judgment, Waugh asserted that defendants' affidavits were unsubstantiated and unreliable. Waugh also asserted that it was obvious from holding the extradition papers up to the light that the alleged signature was rubber stamped.
 
 
 6
 We agree with the district court that given the evidence, Waugh's conclusory allegations regarding the authenticity of the Governor Gardner's signature fail to raise a genuine issue of material fact as to whether defendants Wadds and Curtis bypassed the appropriate procedures in securing Waugh's extradition. See Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988) ("The party opposing summary judgment may not rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue for trial."). Accordingly, the district court properly granted summary judgment in favor of defendant prosecutors Curtis and Dodds. See McGuckin, 974 F.2d at 1059.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the district court did not explicitly deny Waugh's motion to amend his complaint to add Bonnie Ross as a defendant, we conclude that the district court implicitly denied the motion when it entered judgment inconsistent with the relief sought. See Johnson v. United States, 27 F.3d 415, 417 (9th Cir.1994) (per curiam)