114 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jimmie Earl STEPHEN, Plaintiff-Appellant,
v.
Correctional Officer STEVENS and James H. Gomez, Defendants-Appellees.
 No. 96-15884.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 19, 1997.*
Decided May 28, 1997.
 
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jimmie Stephen, a California state prisoner, appeals pro se the district court's summary judgment in favor of various prison officials in his 42 U.S.C. § 1983 action alleging that correctional officers used excessive force against him during an incident in May, 1991. We affirm.
 
 I.
 
 3
 We reject Stephen's contention that the district court erred in denying his request for a continuance. We review such requests for abuse of discretion. See United States v. Gonzalez-Rincon, 36 F.3d 859, 865 (9th Cir.1994). No such abuse is present here: although on May 1, 1995, the district court agreed--to extend discovery until September 22, 1995, Stephen failed to file a motion to compel discovery during that four-month period. The district court, therefore, was under no obligation to grant Stephen's request for a continuance and extend discovery even further.[1]
 
 II.
 
 4
 We reject Stephen's contention that the district court erred in refusing to appoint counsel for him. "The decision to appoint counsel is left to the sound discretion of the district court." Johnson v. United States Treasury, 27 F.3d 415, 416-17 (9th Cir.1994). The district court refused to appoint counsel for Stephen because he possessed adequate facility with the legal system and because his case did not present "exceptional circumstances" justifying the appointment of counsel. Those considerations are legitimate; the district court thus did not abuse its discretion in refusing to appoint counsel for Stephen.
 
 III.
 
 5
 We reject Stephen's contention that the district court erred in denying his requests for a temporary restraining order against correctional officers that were allegedly harrassing him. Stephen has not shown that the conduct of the officers was unrelated to legitimate penological needs, nor has he demonstrated a threat of irreparable injury requiring injunctive relief. The district court, therefore, correctly denied Stephen's requests. United States v. Nutri-Cology, Inc., 982 F.2d 394, 397 (9th Cir.1992).
 
 IV.
 
 6
 Stephen's excessive force claim fails, because he has not introduced evidence sufficient to satisfy the subjective component of an Eighth Amendment excessive-force claim. Where, as here, a correctional officer acted in response to a prison disturbance, the Eighth Amendment is violated only if that officer acted "maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-31 (1986). Stephen does not allege that Officer Stevens knew that he had witnessed other correctional officers assaulting a black inmate, nor does Stephen allege that Officer Stevens made any remarks to the yard gunman from which a jury could infer that Officer Stevens intended to cause the gunman to shoot him. Indeed, Stephen's inmate appeal, which was filed five days after the incident, fails to allege that Officer Stevens attempted to cause the yard gunman to shoot him; it alleges only that he, Stephen, was "brought by force" to Building 5 without "due process." Thus, even when viewed in the light most favorable to Stephen, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1994), the evidence is insufficient to raise a genuine issue of material fact concerning whether Officer Stevens acted "maliciously and sadistically for the very purpose of causing harm."
 
 V.
 
 7
 Finally, we reject Stephen's remaining contentions. First, Stephen's claim that his June 1, 1995 motion to amend was improperly denied is meritless, given that the motion was filed more than three years after his section 1983 action was initiated and more than one month after defendants' second motion for summary judgment was filed. Second, the district court properly dismissed defendant Gomez, because Stephen failed to allege any injury or actionable threatened injury from Gomez's "no warning shot" policy. Third, Stephen's claim that he was denied access to the court and that the magistrate judge denied him a fair hearing is without merit; indeed, the record clearly indicates that the magistrate went to great effort to ensure that Stephen's claims were taken seriously.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For similar reasons, we reject Stephen's contention that he was denied discovery while in segregation. Stephen could have sought additional discovery prior to September 22, 1995, but did not. Moreover, Stephen did not show good cause for his failure to file a motion to compel discovery