David A. MOSS, Plaintiff—Appellant,

v.

Gordon R. ENGLAND, in his official capacity as Secretary of the Navy, Defendant—Appellee.

No. 03–56690.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 2, 2005.

Decided June 7, 2005.

Paul David Jackson, Law Offices of Paul D. Jackson, San Diego, CA, for Plaintiff–Appellant.

Cindy M. Cipriani, Esq., US Attorney, Office of the U.S. Attorney, San Diego, CA, for Defendant–Appellee.

Before LAY,* REINHARDT, and THOMAS, Circuit Judges.

MEMORANDUM **

David Moss appeals the district court's grant of summary judgment on Moss's discrimination and retaliation claims. We affirm. Because the parties are familiar with the history of this case, we will not recount it here.

I

■ The district court correctly concluded that Moss's disability discrimination claims relating to his placement in Can 28 and restricted access to Building 250 were untimely. A federal employee who believes he or she has been discriminated against must contact an agency EEO counselor within 45 days of an allegedly discriminatory event. 29 C.F.R. § 1614.105(a)(1); *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir.2002). This 45–day time requirement functions as a "statute of limitations for filing suit." *Johnson v. United States Treasury Department*, 27 F.3d 415, 416 (9th Cir.1994). "The time period for filing a complaint of discrimination begins to run when the facts that would support a charge of discrimination would have been apparent to a similarly situated person with a reasonably prudent regard for his rights." *Boyd v. U.S. Postal Service*, 752 F.2d 410, 414 (9th Cir. 1985).

Moss admitted in his deposition that he did not pursue administrative remedies within 45 days of his supervisor's directive that he was permanently to remain in Can 28. The Building 250 restrictions were imposed in November 1998; the only event Moss alleges occurred within the 45–day time limit was his supervisor's statement in 2001 that the restrictions would never be lifted. A reasonable person would have suspected from the first imposition of the Building 250 restrictions, or at least from some date long before May of 2001, that the restrictions were permanent. Because the facts that constituted the allegedly discriminatory acts relating to Can 28 and Building 250 would have been apparent to a reasonable person more than 45 days before Moss contacted an EEO counselor, Moss's claims based on these actions were untimely.

II

■ Moss's disability discrimination claims based on his limited access to overtime and training, though timely, were also properly dismissed on summary judgment. Both allegedly discriminatory actions were direct consequences of Moss's assignment to Can 28. Moss admitted that the supervisor who placed him in Can 28, and thus was indirectly responsible for any limitations on training and overtime, did not view Moss as disabled. Finally, Moss's own evidence demonstrates that the agency separated him from others not because they felt he was disabled, but because he had a hard time getting along with others. Hostility and aggression are not impairments under the ADA. *See* 28 C.F.R. § 1630.2(h). Not only did Moss fail to establish a prima facie case of disability discrimination, but his employer had legitimate, nondiscriminatory reasons for the transfer to Can 28: as Moss concedes, he has a violent and aggressive nature that justifies separating him from coworkers.

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Therefore, summary judgment was appropriate on Moss's disability discrimination claim.

### III

Moss also alleges the Navy retaliated against him for his protected activity of filing an appeal with the MSPB. To establish a prima facie case of retaliation, Moss must show: (1) prior engagement in a protected activity; (2) a subsequent adverse employment action; and (3) a causal link between the two. *Ray v. Henderson,* 217 F.3d 1234, 1240 (9th Cir.2000). If Moss establishes a prima facie case, the burden shifts to the agency "to produce evidence sufficient to dispel the inference of retaliation raised by the plaintiff." *Cohen v. Fred Meyer, Inc.,* 686 F.2d 793, 796 (9th Cir.1982). If the agency satisfies this burden, Moss must then meet his ultimate burden of proving the agency took an adverse employment action against him in retaliation for his participation in a protected activity. *Id.*

As to the first element of his retaliation case, Moss demonstrated that his filing of an MSPB appeal was a protected action. Moss has also arguably demonstrated that the agency took negative employment actions against him, by limiting his overtime and training opportunities and by limiting his movement in his workplace. The first two actions were direct consequences of the decision to assign him to Can 28. The third was taken because of Moss's hostility and aggression. Moss correctly notes that the pattern of actions, including the restrictions he alleged were retaliatory, commenced very shortly after his reinstatement to the Navy following the MSPB settlement. Thus, Moss has arguably stated a prima facie case for retaliation.

Again, however, the agency has produced legitimate reasons for its actions which, for purposes of a retaliation claim, serve as "evidence sufficient to dispel the inference of retaliation." *Cohen,* 686 F.2d at 796. As previously discussed, both Moss and his employer recognized the utility of separating Moss from other employees with whom he did not get along. Moss cannot show that the agency's reasons for wanting him separated from other employees were pretextual. Moss further fails in his ultimate burden to show that the agency took adverse employment action in retaliation for his engagement in a protected activity. Moss does not demonstrate, or even allege that the supervisor who placed Moss in Can 28 was aware of Moss's discrimination claims or possessed any retaliatory motive. Moss's only evidence that the agency's actions were taken to retaliate against him, other than the temporal proximity, is that retaliatory motive "is the only thing I can think of." This speculation is insufficient to create a genuine issue of material fact as to retaliation, particularly considering a record replete with other legitimate reasons for Moss's restriction to Can 28. Summary judgment was therefore also appropriate on Moss's retaliation claim.

AFFIRMED.