Mauro SANCHEZ, II, Plaintiff—
Appellant,

v.

John E. POTTER, Postmaster General,
Defendant—Appellee.

No. 04–17011.
D.C. No. CV–04–01027–RS.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 26, 2005.

Mauro Sanchez, II, San Jose, CA, pro se.

Alison E. Daw, USSJ—Office of the U.S. Attorney, San Jose, CA, for Defendant—Appellee.

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

958

## MEMORANDUM***

Mauro Sanchez, II appeals pro se the district court's order granting the United States Postal Service's ("USPS") motion to dismiss his action alleging violations of Title VII, the Rehabilitation Act, his due process rights, and the Americans with Disabilities Act ("ADA"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo both a dismissal on res judicata grounds, *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir.1997), and a dismissal on statute of limitations grounds, *Washington v. Garrett*, 10 F.3d 1421, 1428 (9th Cir.1993), and we affirm.

■ The district court properly dismissed Sanchez's claim of disparate treatment under the Rehabilitation Act because this claim was considered and dismissed in a prior action for failure to state a claim. *See Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir.1997) (doctrine of res judicata serves to bar a claim where there is an identity of claims, a final judgment on the merits and an identity of parties); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir.2002) (dismissal for failure to state a claim is a "judgment on the merits" to which res judicata applies).

■ The district court properly dismissed Sanchez's claim that defendants violated his due process rights in removing him from federal service because Sanchez could have raised that claim in his prior action. *See Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir.1998) (per curiam) (res judicata bars "all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action.").

■ The district court properly dismissed any other claims for relief under Title VII and the Rehabilitation Act because Sanchez failed to timely exhaust his administrative remedies, and failed to establish grounds for equitable tolling. *See Johnson v. United States Treasury Department*, 27 F.3d 415, 416 (9th Cir.1994) (per curiam) (failure to meet the regulatory time limits for bringing an administrative complaint of discrimination under Title VII is fatal to a federal employee's discrimination claim, absent grounds for equitable tolling); *Alvarez–Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) (the doctrine of equitable tolling requires that "extraordinary circumstances" prevented filing a timely claim).

■ The district court properly dismissed Sanchez's claim against the USPS under the ADA because the ADA exempts the United States government and its wholly owned corporations from the Act's definition of employer. *See* 42 U.S.C. § 12111.

**AFFIRMED.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.