Geraldine **TRICE**, Plaintiff–Appellant,

v.

**CLARK COUNTY SCHOOL DISTRICT; et al., Defendants–Appellees.**

No. 06–15149.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 22, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**440**

Geraldine Trice, Las Vegas, NV, pro se.

S. Scott Greenberg, Esq., Clark County School District, C.W. Hoffman, Jr., Esq., Clark County School District Legal Department, Las Vegas, NV, for Defendants–Appellees.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Geraldine Trice appeals pro se from the district court's summary judgment dismissing her Title VII action alleging discrimination and retaliation. We have jurisdiction under 28 U.S.C. § 1291. After de novo review, *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir.1998) (per curiam), we affirm.

■ The district court properly granted summary judgment on Trice's Title VII hostile workplace claim because she failed to raise a genuine issue of material fact as to whether the alleged conduct was sufficiently severe and pervasive to alter the terms and conditions of her employment. *See id.* at 1074–75. To the degree that Trice makes a hostile workplace claim under 42 U.S.C. § 1981, the claim fails for the same reason. *See Manatt v. Bank of Am.*, 339 F.3d 792, 797–98 (9th Cir.2003).

■ The district court also properly concluded that Trice failed to establish a prima facie case for any of her other Title VII claims. *See Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir.2003) (stating elements of prima facie case of wrongful discharge); *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir.2000) (stating elements of prima facie case of retaliation). Even if Trice's request for a further extension of time to oppose summary judgment is construed as a motion for additional discovery under Fed.R.Civ.P. 56(f), it did not "show how additional discovery would preclude summary judgment and why the party cannot immediately provide 'specific facts' demonstrating a genuine issue of material fact." *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 524 (9th Cir.1989).

The district court did not abuse its discretion by denying Trice's motion for a further extension, because Trice was fully notified of her duty to respond to a motion for summary judgment, *see Klingele v. Eikenberry*, 849 F.2d 409, 411 (9th Cir. 1988), and she had already been granted a substantial extension following the withdrawal of her counsel. Nor did the district court abuse its discretion in concluding that Trice did not demonstrate circumstances that would warrant appointment of counsel. *See Johnson v. United States*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Treasury Dep't,* 27 F.3d 415, 416–17 (9th Cir.1994) (per curiam) (listing factors to be considered in appointment of counsel).

Trice's remaining contentions lack merit.

We deny all pending motions.

**AFFIRMED.**