MEMORANDUM **
Carol Ann Mitchell appeals pro se from the district court’s judgment dismissing her action alleging violations of Title VII, 42 U.S.C. § 1983, and various state laws. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Rhoades v. Avon Prods., Inc., 504 F.3d 1151, 1156 (9th Cir.2007), and we affirm.
The district court properly dismissed the Title VII claims because Mitchell did not plead or argue that she exhausted her administrative remedies under Title VII. See Lyons v. England, 307 F.3d 1092, 1103 (9th Cir.2002) (“a plaintiff is required *933 to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim”).
The district court properly dismissed the section 1983 claims because Mitchell alleged these claims against private defendants, but did not allege joint action with a state actor. See Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir.2003) (“While generally not applicable to private parties, a § 1983 action can lie against a private party when he is a willful participant in joint action with the State or its agents.” (internal quotation marks and citation omitted)).
The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over the state law claims. See 28 U.S.C. § 1367(c)(3); see also Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir.2001) (explaining that a district court may decline to exercise supplemental jurisdiction over related state law claims after it dismisses the claims over which it has original jurisdiction).
The district court did not abuse its discretion by denying appointment of counsel. See Johnson v. U.S. Treasury Dep’t, 27 F.3d 415, 416-17 (9th Cir.1994) (per curiam) (listing factors to be considered in determining whether to appoint counsel under Title VII and stating standard of review).
Mitchell’s remaining contentions are unavailing.
Mitchell’s “Motion for Objection” is denied.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.