**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 05 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LONNIE E. LARSON, | No. 09-17396 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-00537-SOM-KSC |
| v. | |
| PEARL IMADA IBOSHI, Director, Department of Labor and Industrial Relations, State of Hawaii, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Submitted June 15, 2011[**]
Honolulu, Hawaii

Before: ALARCÓN, WARDLAW, and N.R. SMITH, Circuit Judges.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Lonnie E. Larson appeals the dismissal of his action against Darwin Ching, Director of the Hawaii Department of Labor and Industrial Relations,[1] under Title II of the Americans with Disabilities Act ("ADA"). Larson alleges that he was struck by lightning while working as a tunnel attendant, and he seeks relief in connection with a workers' compensation claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in denying Larson's motions for a default judgment. *See Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 886 (9th Cir. 2001). Even if the clerk of court should have entered a default, the $9,982,050.70 at stake, contested liability, the preference to decide cases on the merits, and the fact that Larson was unlikely to succeed on the merits would all have weighed in favor of setting aside the default and against entering default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980) (per curiam).

There was no abuse of discretion in denying Larson's multiple motions for appointment of counsel. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). The court properly found that Larson adequately presented his arguments pro se.

---

[1] On November 29, 2010, Pearl Imada Iboshi was substituted for Darwin Ching as the Director of the Department of Labor and Industrial Relations pursuant to Fed. R. App. P. 43(c)(2).

*See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). It also properly found that in light of the Director's exclusive jurisdiction over workers' compensation claims, and the fact that Larson's complaint failed to provide support for why he believed the alleged discrimination was by reason of his disability, Larson failed to demonstrate a likelihood of success on the merits. *See Johnson v. U.S. Treasury Dep't*, 27 F.3d 415, 417 (9th Cir. 1994) (per curiam).

Neither did the court abuse its discretion in failing to compel discovery. "A district court is vested with broad discretion to permit or deny discovery . . . ." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). In this case, the Director did not receive Larson's first discovery requests, and Larson's second motion to compel discovery was rendered moot by the court's dismissal with prejudice of Larson's complaint. In any event, Larson failed to show that "the outcome would have been different had discovery been allowed." *See id.*

Finally, the district court did not err in granting the Director's motion to dismiss Larson's claims under the ADA and the Rehabilitation Act. Larson first argues that he was discriminated against because he was required to undergo a second medical examination. However, he fails to show that the Director was responsible for this requirement, or how any such requirement discriminated against him "by reason of" his disability. *See McGary v. City of Portland*, 386

F.3d 1259, 1265 (9th Cir. 2004); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001). He next argues the Director should have applied a presumption of disability and granted him the benefits requested, but provides no support that the Director refused to apply the presumption.

Larson argues the Director failed to offer him reasonable accommodations when requiring Larson to attend a hearing in Hawaii in person. The Director, however, long ago indicated that he was willing to consider alternatives to physical attendance, including a hearing by teleconference. Larson failed to show why these accommodations were not reasonable. *See Duvall*, 260 F.3d at 1137. Larson also failed to show why the Director should have waived the requirement for a hearing, especially in light of the contested facts surrounding his injury. Finally, Larson's claim for retaliation fails because he cannot show any causal link between the filing of his administrative ADA complaint and any adverse action by the Director. *See Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004).

**AFFIRMED.**