**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLIE T. DANG, | No. 09-55607 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00520-MMA-JMA |
| v. | |
| SOLAR TURBINES INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted September 27, 2011[**]

Before: SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Charlie T. Dang appeals pro se from the district court's summary judgment

in his employment action alleging discrimination, harassment, retaliation and

failure to accommodate in violation of federal and state law. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo, *Bias v. Moynihan*, 508 F.3d 1212, 1218 (9th Cir. 2007), and we affirm.

The district court properly granted summary judgment on Dang's claims under Title VII, the Age Discrimination and Employment Act, and the California Fair Employment and Housing Act ("FEHA") because Dang failed to exhaust his administrative remedies. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099-1100 (9th Cir. 2002) (allegations omitted from an Equal Employment Opportunity Commission ("EEOC") charge generally may not be considered by a federal court); *Martin v. Lockheed Missiles & Space Co.*, 35 Cal. Rptr. 2d 181, 184 (Ct. App. 1994) (EEOC right-to-sue notice does not satisfy administrative exhaustion requirements for the California FEHA).

The district court properly granted summary judgment on Dang's disability discrimination, retaliation and failure to accommodate claims because Dang failed to present any evidence creating a genuine dispute of material fact as to whether defendant violated the Americans with Disabilities Act. *See Bias*, 508 F.3d at 1218-19 (affirming summary judgment where pro se non-moving party presented no evidence creating genuine dispute of material fact); *Allen v. Pac. Bell*, 348 F.3d 1113, 1115-16 (9th Cir. 2003) (per curiam) (affirming summary judgment on failure to accommodate claim because disabled employee who could no longer

perform prior position refused to cooperate in the employer's job-search process for alternate positions).

The district court properly rejected Dang's state law claim of intentional infliction of emotional distress as preempted by California's workers' compensation scheme. *See Cole v. Fair Oaks Fire Prot. Dist.*, 729 P.2d 743, 750 (Cal. 1987).

The district court did not abuse its discretion in managing discovery or by denying Dang's motions to file a fourth amended complaint, to re-tax costs, and to appoint counsel. *See Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) (district court's discretion to deny leave to amend complaint especially broad where plaintiff previously filed amended complaint); *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 n.12 (9th Cir. 2003) (reciting abuse of discretion standard and requirements for costs determinations); *Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002) (reviewing for abuse of discretion order denying motion to re-open discovery); *Johnson v. U.S. Treasury Dep't*, 27 F.3d 415, 416-17 (9th Cir. 1994) (per curiam) (reciting abuse of discretion standard and factors relevant to appointment of counsel).

Dang's remaining contentions are unpersuasive.

**AFFIRMED.**