FILED

**NOT FOR PUBLICATION**

DEC 11 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GLORIA FUNTANILLA,

    Plaintiff - Appellant,

  v.

SWEDISH HOSPITAL HEALTH
SERVICES; SEIU LOCAL 1199, a labor
union,

    Defendants - Appellees.

No. 11-35337

D.C. No. 2:09-cv-01226-JLR

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted November 19, 2013[**]

Before:  CANBY, TROTT, and THOMAS, Circuit Judges.

  Gloria Funtanilla appeals pro se from the district court's summary judgment

in her employment action. We have jurisdiction under 28 U.S.C. § 1291. We

review for an abuse of discretion the district court's application of judicial

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

estoppel, *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001), and we affirm.

The district court did not abuse its discretion by concluding that judicial estoppel barred Funtanilla's employment action because Funtanilla was aware of but failed to disclose the existence of her claims in bankruptcy proceedings. *See id.* at 784-85 (a debtor is judicially estopped from asserting civil claims where debtor knew of the claims but failed to disclose them in bankruptcy proceedings that discharged debtor's debt). Moreover, Funtanilla failed to establish that her failure to disclose was inadvertent or mistaken, and she did not attempt to reopen bankruptcy proceedings or correct the initial filing error. *See Ah Quin v. Cnty. of Kauai Dep't of Transp.*, No. 10-16000, ___ F.3d ___, 2013 WL 3814916, at \*4, \*7 (9th Cir. July 24, 2013) (remanding for an inquiry into plaintiff-debtor's subjective intent when filling out and signing bankruptcy schedules where plaintiff-debtor contended that the nondisclosure was the result of inadvertence or mistake and had reopened bankruptcy proceedings to correct the initial filing error).

The district court did not abuse its discretion in concluding that Funtanilla failed to demonstrate circumstances that would warrant appointment of counsel. *See Johnson v. U.S. Treasury Dep't*, 27 F.3d 415, 416-17 (9th Cir. 1994) (per curiam) (standard of review and factors relevant to appointment of counsel).

To the extent that Funtanilla challenges the denial of her motion for reconsideration of the district court's January 10, 2011 order, the district court did not abuse its discretion because Funtanilla failed to establish a basis for reconsideration. *See* W.D. Wash. R. 7(h)(1) (setting forth grounds for reconsideration); *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (reviewing application of local rules for abuse of discretion); *see also Sch. Dist. No. 1J, Multnomah Cnty., Or., v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth factors for reconsideration under Fed. R. Civ. P. 59(e)).

We do not consider Funtanilla's contention, raised for the first time on appeal, that her bankruptcy counsel was ineffective because he failed to check court records for other legal claims. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**