**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID O'BEIRN,<br><br>　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>DEPARTMENT OF VETERANS AFFAIRS,<br><br>　　　　　Defendant - Appellee. | No. 12-35576<br><br>D.C. No. 2:11-cv-00345-RSL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted February 18, 2014[**]

Before:　　ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

　　David O'Beirn appeals pro se from the district court's judgment dismissing

his action concerning his veterans' benefits.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo the existence of subject matter jurisdiction.  *Schnabel*

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. Lui*, 302 F.3d 1023, 1029 (9th Cir. 2002). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of O'Beirn's action was proper because the district court lacked subject matter jurisdiction over O'Beirn's claims relating to or affecting veterans' benefits decisions. *See* 38 U.S.C. § 511(a); *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1023-25 (9th Cir. 2012) (en banc) (Veterans' Judicial Review Act precludes district court jurisdiction over claims relating to or affecting veterans' benefits decisions, "even if the veteran dresses his claim as a constitutional challenge, and even where the veteran has challenged some other wrongful conduct that, although unrelated to the [Department of Veterans Affair's] ultimate decision on his claim, affected his or her benefits proceeding" (citations omitted)). We treat the judgment as a dismissal without prejudice. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004) (dismissals for lack of subject matter jurisdiction should be without prejudice).

The district court did not abuse its discretion by denying O'Beirn's motions for appointment of counsel because O'Beirn failed to demonstrate circumstances that would warrant appointment of counsel. *See Johnson v. U.S. Treasury Dep't*, 27 F.3d 415, 416-17 (9th Cir. 1994) (per curiam) (standard of review and factors

relevant to appointment of counsel).

O'Beirn's contentions that the district court erred by denying him oral argument and evidentiary hearings are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

O'Beirn's request to sanction defendant, set forth in his reply brief, is denied.

**AFFIRMED.**