**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID MADDOX,

             Plaintiff - Appellant,

     v.

A. BATTLE, Correctional Officer,

             Defendant - Appellee.

No. 12-15878

D.C. No. 1:07-cv-01227-MJS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Michael J. Seng, Magistrate Judge, Presiding

Argued and Submitted October 8, 2014
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and McKEOWN, Circuit Judges.

     David Maddox appeals from a jury verdict against him following a trial on

his 42 U.S.C. § 1983 claim.  We have jurisdiction under 28 U.S.C. § 1291, and we

affirm.  Because the parties are familiar with the history of the case, we need not

recount it here.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

I

Even assuming, without deciding, that the district court committed instructional error by giving a de minimis force instruction, any error fails to meet the plain error standard. When viewed as a whole, the jury instructions were not "misleading or inadequate to guide the jury's deliberation." *United States v. Shryock*, 342 F.3d 948, 986 (9th Cir. 2003). Further, Maddox's substantial rights were not affected by any error in the instruction on de minimis force. He did not demonstrate that it was more probable than not that the jury would have reached a different verdict had it been properly instructed. *See United States v. Vonn*, 535 U.S. 55, 62–63 (2002); *Haddad v. Lockheed Calif. Corp.*, 720 F.2d 1454, 1458–59 (9th Cir. 1983).

II

The district court did not abuse its discretion in denying Maddox's motions for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "The decision to appoint counsel is left to the sound discretion of the district court." *Johnson v. U.S. Treas. Dep't*, 27 F.3d 415, 416 (9th Cir. 1994) (per curiam). "[G]rants of such a motion are relatively rare" and "appellate reversal of trial court denials is also rare." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 800 (9th Cir. 1986).

Here, the district court articulated reasonable grounds for its decision on each of the motions for appointment. *Cf. Solis v. Cnty. of Los Angeles*, 514 F.3d 946, 958 (9th Cir. 2008) (reversing and remanding to the district court to "provide an adequate explanation of its reasons such that its decision may be reviewed . . . on appeal").

Nor were Maddox's Fifth Amendment due process rights violated by his lack of counsel. He was afforded a full opportunity to adjudicate his claim in federal court to a jury.

**AFFIRMED**