**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL A. ALSTON,

              Plaintiff - Appellant,

v.

BRADLEY FOSTER; et al.,

              Defendants - Appellees.

No. 14-15209

D.C. No. 2:13-cv-00850-MHB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Michelle H. Burns, Magistrate Judge, Presiding[**]

Submitted May 24, 2016[***]

Before:    REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

    Michael A. Alston appeals pro se from the district court's order dismissing

for lack of prosecution under Fed. R. Civ. P. 41(b) his employment action.  We

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

    [***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for an abuse of discretion. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). We affirm.

The district court did not abuse its discretion by dismissing the action without prejudice because Alston failed to establish good cause for his failure to serve the summons and complaint in a proper manner. *See* Fed. R. Civ. P. 4(m) (pre-2015 amendment requires service within 120 days after the complaint is filed); *Ash v. Cvetkov*, 739 F.2d 493, 495-97 (9th Cir. 1984) (listing factors to consider before dismissing an action for failure to prosecute, and explaining that "dismissal without prejudice is a more easily justified sanction for failure to prosecute"); *see also In re Sheehan*, 253 F.3d 507, 512-13 (9th Cir. 2001) (discussing good cause and district court's broad discretion to extend time for service or to dismiss the action without prejudice).

The district court did not abuse its discretion by denying Alston's motion for appointment of counsel because Alston did not demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and exceptional circumstances requirement for appointment of counsel); *Johnson v. U.S. Treasury Dep't*, 27 F.3d 415, 416-17(9th Cir. 1994) (listing factors for courts to consider when appointing counsel in an employment discrimination action).

14-15209

We reject as without merit Alston's argument that the clerk of the district court failed in its obligation to direct the U.S. Marshals Service to serve defendants once the district court permitted Alston to proceed in forma pauperis.

**AFFIRMED.**